**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHALISE J. ROBINSON, | DOCKET NUMBER |
| Appellant, | CH-315H-15-0455-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: November 12, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jill Bec, Kansas City, Missouri, for the appellant.

Michael E. Anfang, Esquire, Kansas City, Missouri, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2       Effective November 2, 2014, the agency appointed the appellant, a nonpreference eligible, to the position of Licensed Practical Nurse in the excepted service. Initial Appeal File (IAF), Tab 4 at 9. The appointment was subject to a 1-year trial period beginning on November 2, 2014. *Id.* On May 7, 2015, prior to the completion of the 1-year trial period, the agency terminated the appellant for alleged unreliable attendance and unprofessional conduct. *Id.* at 17-19.

¶3       The appellant timely filed a Board appeal challenging her termination and requested a hearing. IAF, Tab 1. In an acknowledgment order, the administrative judge informed the appellant that the Board may not have jurisdiction over her appeal and ordered her to provide a nonfrivolous allegation that she is an employee with chapter 75 appeal rights. IAF, Tab 2. The appellant responded by alleging that she is not a probationary employee because of her prior service at the Internal Revenue Service (IRS). IAF, Tab 6 at 4. The administrative judge then issued a show cause order informing the appellant that her allegation of jurisdiction was not specific enough and apprising her of the definition of "employee" for a nonpreference eligible in the excepted service under 5 U.S.C.

§ 7511(a)(1)(C).  IAF, Tab 7.  In response, the appellant submitted evidence of her prior service at the IRS.  IAF, Tab 8.

¶4 Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 12, Initial Decision (ID) at 2, 4.  She found that the appellant, as a nonpreference eligible in the excepted service, could show jurisdiction under either 5 U.S.C. § 7511(a)(1)(C)(i) or (ii).  ID at 2.  The administrative judge concluded that the Board lacks jurisdiction over the appeal because the appellant failed to make a nonfrivolous allegation that, at the time of her termination, she was not serving a trial period or she had completed 2 years of current continuous service in the same or similar positions.  ID at 3-4.

¶5 The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition.  PFR File, Tab 3.

¶6 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant who makes a nonfrivolous allegation of jurisdiction is entitled to a hearing at which she must then prove jurisdiction by a preponderance of the evidence.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *see* 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶7 Because the appellant is a nonpreference eligible who was terminated from a position in the excepted service, she may appeal her termination to the Board if and only if she qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(C).  *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 5 (2012); *see* 5 U.S.C. § 7513(d).  An "employee" under 5 U.S.C. § 7511(a)(1)(C) is defined as:

> [A]n individual in the excepted service (other than a preference eligible)—(i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

¶8        We agree with the administrative judge's finding that the appellant failed to nonfrivolously allege that she qualifies as an "employee" under section 7511 (a)(1)(C)(i) because she was not serving a trial period at the time of her termination.[2]  ID at 3.  The appellant was terminated about 6 months after her initial appointment that was subject to the completion of a 1-year trial period.  IAF, Tab 4 at 9, 19.  An individual's prior service may be tacked toward the completion of a trial period in the excepted service where the prior service was: (1) performed in the same agency; (2) performed in the same line of work; and (3) completed with no more than 1 break in service of less than 30 days.  *Martinez*, 118 M.S.P.R. 154, ¶ 6.  We find that the appellant's prior service as a Tax Examining Clerk at the IRS was not performed in the same agency or in the same line of work, and was completed with a break in service greater than 30 days.  IAF, Tab 8 at 8-9.  Therefore, we find that the appellant's prior service at the IRS may not be tacked toward the completion of her trial period here.

¶9        We also agree with the administrative judge's finding that the appellant failed to nonfrivolously allege that she is an "employee" under section 7511(a)(1)(C)(ii) because she did not complete 2 years of current continuous service in the same or similar positions at the time of her termination.  ID at 3-4.  We find that her prior service at the IRS did not immediately precede her appointment at the agency and was not in the same or similar positions.  IAF, Tab 8 at 8-9; *see Beets v. Department of Homeland Security*, 98 M.S.P.R. 451, ¶¶ 7, 10-11 (2005) (explaining that "current continuous service" under section

---

[2] Although the administrative judge did not determine whether the appellant was serving under an initial appointment pending conversion to the competitive service, we find that she has failed to nonfrivolously allege so.  ID at 3 n.1; *see Forest v. Merit Systems Protection Board*, 47 F.3d 409, 412 (Fed. Cir. 1995) (finding that section 7511(a)(1)(C)(i) covers only excepted-service employees serving "under an initial appointment pending conversion to the competitive service").  The appellant was appointed under 38 U.S.C. § 7401(3), which does not provide for an appointee's conversion to the competitive service after the successful completion of the trial period.  IAF, Tab 4 at 9.

7511(a)(1)(C)(ii) means service immediately prior to the action at issue with no break in service); 5 C.F.R. § 752.402.

¶10    The appellant argues that the Board should grant her petition for review because the union president did not adequately represent her and she is now represented by the new union president. PFR File, Tab 1 at 3. However, we find that her argument of inadequate representation does not establish a reason to grant her petition for review. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (finding that the appellant is responsible for the errors of her chosen representative). She also requests that the Board consider the circumstances surrounding her termination and not the amount of time she worked at the agency. PFR File, Tab 1 at 3, Tab 4 at 4. We decline to address the merits of her termination because they are irrelevant to the jurisdictional issue before the Board. *See, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012).

¶11    After considering the appellant's arguments on review, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.